NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LALIMA, et al.,<br><br>      **Plaintiffs,**<br><br>v.<br><br>KAPLAN, et al.,<br><br>      **Defendants.** | Civil Action No. 20-7687 (MAS)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, United States Magistrate Judge**

      Currently pending before the Court is Defendant Encore Real Estate, LLC's ("Defendant") Motion to Vacate Default and file Answer out of time. (Docket Entry No. 10). Plaintiffs Mario Lalima and Glen Albanese ("Plaintiffs") oppose the motion. (Docket Entry No. 11). Defendant filed a reply to Plaintiffs' opposition. (Docket Entry No. 12). The Court has fully reviewed and considered all arguments raised in favor of and in opposition to Defendant's Motion. The Court considers the Motion without argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Defendant's Motion to Vacate Default is GRANTED.

## I.    Background and Procedural History

      The Court and the parties are familiar with the facts underlying this case as well as its procedural history. As a result, neither will be restated at length herein. Instead, only those facts relevant to the pending Motion to Vacate Default are included.

      On June 23, 2020, Plaintiffs filed a Complaint against Defendants Adam Kaplan, Holli Kaplan, Andrew Kaplan, Mina Brand and Encore Real Estate, LLC. (Docket Entry No. 1). Plaintiff served these Defendants on July 13, 2020, with answers due on August 3, 2020. (Docket

Entry No. 4). On September 3, 2020, Plaintiffs requested default be entered against Defendant Encore Real Estate LLC, arguing Defendant failed to file an Answer or other responsive pleading. (*Id.*). On September 14, 2020, this Court found that Plaintiffs had made sufficiently diligent efforts to personally serve Defendant at its listed address, and when those efforts were unsuccessful, the proper procedure was followed for mailing the summons and complaint. (Docket Entry No. 7). Therefore, the Court directed the Clerk of the Court to enter default against Defendant. (*Id.* at 2). On September 14, 2020, Plaintiffs filed notice of voluntary dismissal of all claims against Adam Kaplan, Holli Kaplan, Andrew Kaplan, Mina Brand, with whom they had reached a settlement. (Docket Entry No. 8). The District Court ordered those Defendants dismissed on September 15, 2020, leaving Defendant Encore as the sole Defendant. (Docket Entry No. 9).

On October 1, 2020, Defendant filed the present motion. (Docket Entry No. 10). On October 19, 2020, Plaintiffs filed an opposition. (Docket Entry No. 11). On October 26, 2020, Defendant filed a reply. (Docket Entry No. 12).

**II.     Legal Standard**

Pursuant to FED.R.CIV.P. ("Rule") 55(a): "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, the Court may vacate the entry of default. *See* Rule 55(c). The decision to set aside a clerk's entry of default "'is left primarily to the discretion of the district court.'" *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause[.]" In deciding whether there is good cause to vacate the entry of default, courts examine: "(1) whether the party

subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Because default is considered an "extreme sanction . . . of last resort[,]" any doubts must be resolved in favor of vacating default and "proceeding on the merits." *Id*.

### III.   Discussion

The Court considers the aforementioned factors as well as the preference for cases to be decided on their merits in determining whether to vacate default as requested by Defendant. The threshold question for the Court is whether Defendant has a meritorious defense. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *United States of America v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Here, the Court finds this factor to weigh in favor of vacating default.

First, Defendant denies any liability as to Plaintiffs' claims of fraudulent transactions, and asserts that Plaintiffs "knew, or should have known, all material facts necessary prior to completing the subject transactions." (Def.'s Br. at 4; Docket Entry No. 10-2). Further, Defendant argues that Plaintiffs "received all funds that they were entitled to or in the event that Plaintiffs did not, it was as a result of the actions of the codefendants and/or beyond the scope of Adam Kaplan's duties as an independent contractor for Moving Defendant." (*Id*.). Defendant asserts that it has a defense rooted in principal-agent law, arguing that it should not be held liable for the intentional or criminal acts of its agents, particularly when those agents are independent contractors, such as in this matter. (*See* Def.'s Reply at 3; Docket Entry No. 12). Plaintiffs argue

3

that Defendant does not sufficiently articulate a meritorious defense to Plaintiffs' claims. (*See* Pl.s' Opp. Br.; Docket Entry No. 11 at 8). However, Defendant is not required to provide its entire defense at this stage, but rather an "allegation [that] if established, would constitute a defense." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). The Court finds that Defendant has adequately set forth defenses to Plaintiffs' claims that, if true, would provide a meritorious defense at trial.

Next, the Court considers whether Plaintiffs will suffer prejudice if the entry of default is vacated. Defendants filed the present Motion on October 1, 2020, less than two weeks after Plaintiffs requested and the Clerk entered default, and just under two months after its Answer was due. (Docket Entry No. 12). Notably, delay in the adjudication of a claim "rarely serves to establish the degree of prejudice" sufficient to warrant the denial of a motion to vacate an entry of default. *Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982); *New Jersey Right to Life Committee, Inc. v. New Jersey Republican Profile Coalition*, Civil Action No. 05-5443 (DMC), 2006 WL 2252375, at *2 (D.N.J. Aug. 7, 2006). Here, the Court finds that Plaintiff will not be prejudiced if default is vacated, as the delay is minimal. Plaintiffs vaguely argue that vacating default would prejudice them because it could affect their settlement with the Kaplan Defendants. The Court is hard pressed to see how Plaintiffs' agreement with the former Defendants has any bearing on its decision with regard to Defendant Encore. Further, Plaintiffs note that they will have to "start from scratch against Defendant Encore," yet this case is in its infancy, with no discovery conducted and no schedule set. (Docket Entry No. 11 at 9). Under these circumstances, the Court is not persuaded that Plaintiffs will suffer any prejudice if default is vacated and this matter is allowed to proceed on the merits.

Third, the Court considers whether the entry of default was a product of Defendant's culpable conduct. "[T]he standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). Negligence is insufficient. Instead, there needs to be a knowing or, at least, "[r]eckless disregard for repeated communications from plaintiffs and the court[.]" *Id*. at 1183. Despite Plaintiffs' claims to the contrary, the Court finds that Defendant's failure to timely answer did not result from its culpable conduct. While Defendant was certainly aware of these proceedings, the Court finds that it did not knowingly or recklessly disregard its need to participate. Instead, Defendant argues that its failure to answer, move or otherwise respond to Plaintiffs' Complaint within the time prescribed was due to the fact that it had been under the impression that a global settlement of all of Plaintiffs' claims had been reached. (*See* Def.'s Br. at 4; Docket Entry No. 10-2). Defendant asserts that it was not until after Plaintiffs filed a Notice of Voluntary Dismissal of all Claims against Adam Kaplan, Holli Kaplan Andrew Kaplan, and Mina Brand that it learned that Plaintiffs did not intend to include Defendant within the settlement agreement. (*Id.* at 4). Defendant states that it thereafter "immediately instructed counsel to file the underlying Motion." (*Id.*). While this realization may have been negligent, there is no persuasive evidence that Defendant's failure to act timely resulted from willfulness or bad faith. The Court cannot assume that Defendant had access to the settlement documents expressly excluding Defendant Encore. Once the other Defendants were dismissed from this matter, and it was clear that Defendant Encore had not been included in the settlement, it acted in a timely fashion to secure counsel and file the present motion. As a result, the Court finds that the entry of default, here, cannot be attributed to any "culpable conduct" on Defendant's part.

Under these circumstances, especially given the preference that civil actions be decided on their merits, the Court finds good cause under Rule 55(c) to vacate default. Defendant's Motion to Vacate the Clerk's Entry of Default is GRANTED. Defendants are directed to answer, move or otherwise respond to Plaintiffs' Complaint by **March 12, 2021**.

The Court notes that Plaintiffs have requested to be afforded attorney's fees incurred to serve Defendant, acquire default and draft and file the instant Opposition. The request is denied. Plaintiffs may raise appropriate arguments for attorney's fees in a separate motion to the Court if they so choose.

Dated:  February 19, 2021

     s/  Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**